## No. 500
## SAUTORA v. CALLAN et al

Ohio Appeals, 8th Dist., Cuyahoga County No. 4927. Decided March 12, 1924

953. PRINCIPAL AND SURETY—Surety was liable on bond of policeman for injuries caused by policeman in making unauthorized arrest when off duty.

Middleton, P. J., Mauck and Sayre, JJ. of 4th Dist., sitting.

SAYRE, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

United States Fidelity & Guaranty Co. gave bond to the City of Cleveland for the faithful performance by Callan of his duties as policeman. Callan, while off duty in citizen's clothes and intoxicated and in a locality where he was accustomed to perform his duties, arrested three persons who had committed no offense whatever and were peaceably going about their affairs. When one of the persons attempted to run away, Callan fired his pistol in the direction of that person and one of the shots enter the leg of Sautorfa. This action was brought against Callan and the Guaranty Co. to recover damages resulting from the wound. The trial court, on motion, at the close of Sautora's evidence, directed a verdict in favor of the Guaranty Co. Upon error the Court of Appeals held the motion to direct the verdict was improperly sustained and judgment was reversed.

1. Sureties are held liable on official bonds where the officer while acting colore officii, with pretense of official authority, is guilty of trespass upon person or property.

2. That Callan was acting under color of office but in a wrongful and unfaithful discharge of his duties, and the Fidelity & Guaranty Co. is bound for his acts.

Attorneys—Wm. J. Corrigan, for Sautora; R. T. Miller, for Callan and Guaranty Company; both of Cleveland.

## No. 501
## BAER v. STATE

Ohio Appeals, 8th Dist., Cuyahoga County
See also Stanton v. Levine, below, this Abstract. For Pending Supreme Court case, see page 500.

1062. SALARIES—Act increasing salary of Common Pleas judges of Cuyahoga County held not applicable to judges already holding

SALARIES—Of Common Pleas Judges, as affected by amendment to statute.

Epitomized Opinion
Published Only in Ohio Law Abstract

The Prosecuting Attorney of Cuyahoga County brought an action in the Common Pleas Court of that County to recover back from Judge Baer certain payments of salary which the latter received as Common Pleas Judge. These payments were made on account of the increase of salary provided by the amendments to 2251 and 2252 GC., passed Feb. 24, 1920, and became effective May 25, 1920. The Auditor of Cuyahoga County refused to draw his warrant for the payment of the increase for the period from May 25th to June 1, 1920. Baer and others brought suit for an order of mandamus for a warrant for this payment.

This case was heard upon the Auditor's demurrer to the petition before Judge Critchfield of Wayne County, sitting. The demurrer was overruled and the writ ordered as prayed.

The question was raised and passed upon whether Art. IV, Sec. 14 of the Ohio Constitution made the Act of Feb. 24, 1920, inapplicable to judges whose term began before it became effective. The court held that the act applied to all judgess. Thereupon the Prosecuting Attorney filed this action. A demurrer was filed to the answer and the Common Pleas held that the act in question applied to all judges and that the defendant was entitled to the increase in salary. The State prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. That Art. IV, Sec. 14, Ohio Constitution, rendered the Act of Feb. 24, 1920, inapplicable to judges whose terms began before it became effective, and that the Act applied only to judges elected and coming into office after said Act became effective.

Attorneys—W. H. Boyd and T. H. Hogsett, for Baer; E. C. Stanton, Pros. Atty., for State; all of Cleveland.